IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION: 5:13-CV-0272-CAR |
| SHEILA H. PERRY, et. al. | : | |
| | : | |
| Defendants. | : | |

### ORDER ON MOTION FOR RECONSIDERATION

Plaintiff Allen Alphonzo Adams, an inmate currently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and sought leave to proceed in the case without pre-payment of the filing fee.  See 28 U.S.C. § 1915.  After conducting a preliminary review, this Court found that Plaintiff could not proceed *in forma pauperis* in the instant case, as three or more of Plaintiff's prior cases were dismissed and count as "strikes" under 28 U.S.C. §1915(g).  Plaintiff's Complaint was then dismissed without prejudice, and final judgment was entered on August 9, 2013.  Plaintiff has now filed a Motion for Reconsideration (Doc. 11).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a

prisoner from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  Plaintiff has a filed several civil cases and appeals in federal court and at least three of those were dismissed and count as "strikes" under section 1915(g): See Adams v. Hart, No. 5:11-CV-436 (M.D. Ga. Nov. 8, 2011) (dismissed for failure to state a claim); Id., Appeal No. 11-15605-C (11th Cir. March 27, 2012) (dismissed as frivolous); Adams v. Wesley, 1:11-CV-0155 (M.D. Ga.), Appeal No. 12-130063-A (11th Cir. Jan. 7, 2013) (dismissed as frivolous).  Because of these dismissals, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See id.  Plaintiff did not allege any such danger in his complaint.

In the present motion, Plaintiff alleges that the Court erred in dismissing his complaint under §1915(g) and appears to claim that the Court has placed him in "imminent danger" by allowing his continued confinement.  To satisfy "imminent danger" requirement, a prisoner must allege the existence of a present, imminent danger of serious physical injury.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General assertions of danger in the prison, like those now made by Plaintiff, "even

construed liberally, are insufficient to invoke the exception to § 1915(g)." <u>Sutton v. Dist. Attorney's Office</u>, 334 F. App'x 278, 279 (11th Cir. 2009); <u>see also</u>, <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

Plaintiff's motion thus provides no valid basis for reconsideration. Plaintiff's Motion for Reconsideration (Doc. 11) is **DENIED**.

**SO ORDERED**, this 27th day of September, 2013.

<u>S/   C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr